GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
2702 Montana Avenue, Suite 101
Billings, MT 59101-2372
Phone: (406) 259-2459
Fax: (406) 259-2569
gillian_gosch@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>JOSE ANTONIO ESCOBEDO,<br><br>              Defendant. | CR-19-113-BLG-SPW<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE** |

**I. INTRODUCTION**

Defendant Jose Antonio Escobedo (Mr. Escobedo), by and through his undersigned counsel and the Federal Defenders of Montana, replies to the government's response brief as follows.

## II.  FACTS

The thrust of the government's argument is that "[b]ecause the information obtained pursuant to the Custom Summonses was not the impetus for the investigation [into Mr. Escobedo], or even included in the search warrant, there was no Fourth Amendment violation."  (Doc. 23 at page 2).  The problem with this argument is that, factually, the first time Mr. Escobedo ever learned a different data system was used to track his "suspicious activity" was in the government's response.  And unfortunately, now, Mr. Escobedo has even more questions than before regarding the information gathered.

The government asserts that the "Southwest Border Transaction Record Analysis Center (TRAC)" is a settlement agreement that was entered into between Western Union and the Arizona Attorney General in January 2014.  It includes the states of California, Arizona, New Mexico, and Texas as well as the country of Mexico.  (*See* Doc. 23 at page 3).

The government indicates TRAC is located online; however, unless a person has a login and password, no other information can be found by accessing the link provided in the government's response.  The government states the data in TRAC is information provided by Western Union "pursuant to a subpoena." (Doc. 23 at page 3).  Yet, the government states after the search warrant was issued and the search

executed in Mr. Escobedo's case, "Custom Summonses were served on Western Union and RIA Financial to obtain the transaction information on Escobedo's money transfers." (Doc. 23 at page 5). According to the government, "[a]ll information provided to the TRAC database was done so with either the express consent of the company and its clients, or in accordance with a subpoena or statutory authority." (Doc. 23 at page 6).

### III. REPLY ARGUMENTS

Mr. Escobedo stands on his arguments as previously articulated. The TRAC system he has now been made aware of does not change his argument in the least. According to the government the "information from TRAC was the impetus for the investigation" into Mr. Escobedo. (Doc. 23 at page 10). But, the TRAC data system gets its information from Western Union via a subpoena, also according to the government. Mr. Escobedo can only surmise that the subpoena used by TRAC to get the information from Western Union is the same as the Custom Summons subpoena already discussed, since Mr. Escobedo has not been provided the subpoena used by TRAC to get the information from Western Union.

The information gathered via this subpoena goes beyond non-content information provided to a third party. Indeed, even according to the government, TFO Henderson was able to identify "a series of transactions sent by Escobedo to

McAllen, Texas" with the frequency and dollar amounts delineated. (Doc. 23 at page 4). Mr. Escobedo did not assume the risk that Western Union would go beyond its statutory authority and provide information to a TRAC data system–that apparently only covers a few states and the country of Mexico–when he used Western Union's services. Moreover, the government's explanation of what transpired in this case begs the question of what would happen if Mr. Escobedo had not sent money to any of the states covered by the settlement agreement or the country of Mexico? Would he have been investigated? Would his information even have been gathered?

TFO Henderson found Mr. Escobedo's transactions suspicious, in part, because they involved McAllen, Texas–a city known as a source location for drug distribution. Not only did the officers in this case gather information about Mr. Escobedo in violation of his constitutional rights, the officers justified doing so by deeming an entire city as "suspicious." The United States Constitution does not permit sweeping generalizations about people. *See United States v. Rodriguez*, 976 F.2d 592, 595-596 (9th Cir. 1992) ("we must not accept what has come to appear to be a prefabricated or recycled profile of suspicious behavior very likely to sweep many ordinary citizens into a generality of suspicious appearance"). That, too, can be said about a city of people especially where, as here, as foreshadowed by Justice Brennan in *United States v. Miller*, 425 U.S. 435, 451 (1976) the officers had access

4

to records upon their request, without any judicial control, so evidence may be gathered for use in a subsequent search and eventual criminal prosecution of Mr. Escobedo.

## IV.  CONCLUSION

WHEREFORE, Mr. Escobedo requests the Court to suppress all of the evidence obtained in violation his constitutional rights.

RESPECTFULLY SUBMITTED this 30th day of October, 2019.

/s/ Gillian Gosch
GILLIAN E. GOSCH
Assistant Federal Defender
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 758 excluding tables and certificates).

DATED this 30th day of October, 2019.

                                                 By: /s/ Gillian Gosch
                                                         GILLIAN E. GOSCH
                                                         Federal Defenders of Montana
                                                         Counsel for Defendant

# CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on October 30, 2019, a copy of the foregoing document was served on the following persons by the following means:

   1    CM-ECF

  ____  Hand Delivery

   2    Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JULIE R. PATTEN
   Assistant U.S. Attorney
   U.S. Attorney's Office - Billings
   2601 2nd Avenue North, Suite 3200
   Billings, MT 59101
       Counsel for the United States of America

2. JOSE ANTONIO ESCOBEDO

    /s/ Gillian Gosch
    FEDERAL DEFENDERS OF MONTANA